IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| BEVERLY STANLEY | ) | |
| | ) | |
| v. | ) | No. 3:21-cv-0599 |
| | ) | |
| KILOLO KIJAKAZI | ) | |
|     Commissioner of Social Security | ) | |

**To:** The Honorable Eli J. Richardson, District Judge

## REPORT AND RECOMMENDATION

Currently pending is Plaintiff's motion for award of attorney fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"), in which Plaintiff requests a total award of $4,562.58. (Docket No. 26). This amount represents the aggregate of $4,544.19 in EAJA fees and $18.39 in expenses. (*Id*. at 2.) Defendant has filed a response confirming that there is no objection to the amount sought by Plaintiff. (Docket No. 29.) The motion has been referred to the undersigned Magistrate Judge for issuance of a report and recommendation. (Docket No. 27.)[1] Because the motion is unopposed, and because a review of counsel for Plaintiff's itemization of time reveals that the amount sought by Plaintiff is reasonable,[2] the motion (Docket No. 26) is well-taken and the Court recommends that it be GRANTED.

---

[1] A report and recommendation is required because this is a post-judgment matter. *See* 28 U.S.C. § 636(b)(1)(A) (permitting referral of only pretrial matters for resolution by magistrate judge).

[2] As discussed below, the amount of attorney fees sought represents 2.6 hours of attorney work at an hourly rate of $214.29 (the Consumer Price Index-adjusted attorney rate for 2021), 14.7 hours at an hourly rate of $229.05 (the Consumer Price Index-adjusted attorney rate for 2022), and 6.2 hours of paralegal work at an hourly rate of $100.00. (Docket No. 26-1 at 2.) Counsel for Plaintiff includes an itemized report of the time spent in connection with this case. (*See* Docket Nos. 26-3. 26-4, 26-5, 26-6.)

## LEGAL STANDARDS AND ANALYSIS

An award of fees may be made under the EAJA in a Social Security disability action. *Coursey v. Comm'r of Soc. Sec.*, 843 F.3d 1095, 1097 (6th Cir. 2016). The EAJA provides in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). To recover attorney fees under the EAJA, Plaintiff must therefore demonstrate: (1) that she is a "prevailing party"; (2) that the government's position was not "substantially justified"; (3) that no "special circumstances make an award unjust"; and (4) that pursuant to 28 U.S.C. § 2412(d)(1)(B), the fee application was presented to the court within 30 days of final judgment in the action and is supported by an itemized statement. *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990). As to the first and second factors, there is no dispute here that Plaintiff is the prevailing party or that the government's position was not substantially justified. Defendant voluntarily moved for remand of the case for further proceedings (Docket No. 23) and filed a response supporting the requested fee award. (Docket No. 29.) Those factors are therefore satisfied. Nor is timeliness an issue as the fee request was made within 30 days of the final judgment. "Final judgment" is defined in the statute as a "judgment that is final and not appealable." 28 U.S.C. § 2412(d)(2)(G). Rule 4 of the Federal Rules of Appellate Procedure provides that, when one of the parties is the United States or a United States agency, appeal must be taken from a final judgment within 60 days. Fed. R. App. P. 4(a)(1)(B). Final judgment was entered in this matter on May 3, 2022, and was final and no longer appealable 60 days later or July

2, 2022. The instant motion was filed on July 18, 2022, which is within 30 days of the judgment becoming final. The fourth factor is therefore satisfied.

The reasonableness of the requested fee must be evaluated. Plaintiff bears the burden of proving that the fees requested under the EAJA are in fact reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Specifically, Plaintiff must produce evidence "that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009) (quoting *Blum v. Stenson,* 465 U.S. 886, 895 n.11 (1984)). A court may reduce fees for unreasonable time, including in instances where the time spent is excessive, redundant, or inadequately documented, *id.* at 433-34, or where the time claimed is associated with training junior attorneys. *Richards v. Sec'y of Health & Human Servs.*, 884 F. Supp. 256, 260 (N.D. Ohio 1995).

The Court has carefully reviewed the details of the requested fees in this case and concludes that the total number of hours, 23.5, is reasonable, particularly considering the outcome of the matter. *See Spiller v. Comm'r of Soc. Sec.*, 940 F. Supp. 2d 647, 652 (S.D. Ohio 2013) (collecting cases in the Sixth Circuit involving EAJA fee requests and noting that the "general range of time expended on these cases is 15-25 hours"). Turning to the requested rate, the EAJA provides that attorney fees are limited to a rate of $125.00 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceeding involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Cost of living adjustments that increase attorney fees above the statutory rate are left to the sound discretion of the district court and "should be carefully considered, rather than rubber stamped." *Miller v. Comm'r of Soc. Sec.*, 346 F. Supp. 3d 1018, 1029 (E.D. Mich. 2018), *report and recommendation*

*adopted*, 2018 WL 4922207 (E.D. Mich. Oct. 10, 2018) (citing *Begley v. Sec'y of Health & Human Servs.*, 966 F.2d 196, 199 (6th Cir. 1992)).

Here, Plaintiff requests fees at rates of $214.29 (for work performed in 2021), $229.05 (for work performed in 2022), and $100 (for paralegal work), which are not contested by the government, and which courts in this circuit have accepted as reasonable rates when adjusted for inflation. *See, e.g., Mascunana v. Kijakazi*, No. CV 2:21-077-DCR, 2022 WL 3256780, at *2 (E.D. Ky. Aug. 10, 2022) (granting motion for attorney fees based on hourly rates of $214.29 for counsel and $100 for paralegal); *McPherson v. Kijakazi*, No. CV 3:21-036-DCR, 2022 WL 3269046, at *2 (E.D. Ky. Aug. 10, 2022) (same); *Hensley v. Comm'r of Soc. Sec.*, No. 3:18-CV-00223, 2021 WL 117911, at *2 (S.D. Ohio Jan. 13, 2021), *report and recommendation adopted*, 2021 WL 7908554 (S.D. Ohio Feb. 2, 2021) (noting that the hourly billing range for Social Security attorneys in Ohio in 2013 was $210 to $350). The rates are also not inconsistent with ranges recently endorsed by the Sixth Circuit. *See Doucette v. Comm'r of Soc. Sec.*, 13 F.4th 484, 492 (6th Cir. 2021) (reversing district court's decision to limit attorney fees in a Social Security case to $150/hour rate when subject plaintiff's "unrefuted evidence established a market range between $205 and $500" in the Eastern District of Kentucky). In line with these decisions, the Court concludes that under the facts of this case, an EAJA attorney fee of $4,544.19, plus $18.39 in expenses, is appropriate. The Court finds no special circumstances that would make this award unjust, and the third (and final) factor is therefore satisfied.

The Supreme Court has held that an EAJA fee is payable to the plaintiff as litigant, and that payment may be subject to an offset to satisfy any pre-existing debt that the plaintiff owes the United States. *Astrue v. Ratliff*, 560 U.S. 586, 594-98 (2010). Assuming that this Report and

4

Case 3:21-cv-00599 Document 30 Filed 08/18/22 Page 4 of 5 PageID #: 545

Recommendation is accepted, Defendant is ordered to pay the total amount of **$4,562.58**, less any offset amounts owed to the United States.

## RECOMMENDATION

Based on the foregoing, it is respectfully RECOMMENDED that Plaintiff's motion (Docket No. 26) be GRANTED and Defendant be ordered to pay the amount of $4,562.58, less any offset amounts owed to the United States, by remitting payment to the business address of Plaintiff's counsel.[3]

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Fed. R. Civ. P. 72(b)(2); Local Rule 72.02(a). Failure to file specific written objections within the specified time can be deemed to be a waiver of the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985); *Cowherd v. Milton*, 380 F.3d 909, 912 (6th Cir. 2004) (en banc). Any responses to objections to this Report and Recommendation must be filed within 14 days of the filing of the objections. Fed. R. Civ. P. 72(b)(2); Local Rule 72.02(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge

---

[3] If Defendant determines that Plaintiff owes a pre-existing debt to the United States, Defendant will reduce the awarded attorney fees to the extent necessary to satisfy such debt. Payment of the balance shall be made as promptly as possible to either Plaintiff or Plaintiff's counsel in accordance with the provisions of any fee assignment or agreement between Plaintiff and counsel.